## WINSLOW a. WINSLOW.

*Supreme Court, First District ; Special Term, February*, 1858..

### EVIDENCE OF MARRIAGE.

What is sufficient evidence of the solemnization of a marriage in Ireland, in an action to declare a subsequent marriage null.

This was an action for a divorce. The parties were married in New York, in October, 1846. This action was brought by the wife to declare the marriage null, upon the ground of a subsisting prior marriage, contracted by the husband with one Jane Alexander, in Ireland, in 1842.

The questions presented were, whether the prior marriage was duly solemnized, and sufficiently proved.

DAVIES, J.—It appears from a deposition taken in the cause, that the defendant was married to Jane Alexander, at Cullenwood, New Dublin, Ireland, in 1842 : that the ceremony was performed in the presence of the witness and his wife, by the Rev. Mr. Maguire, a clergyman of the established church of Great Britain and Ireland, according to the customary and prescribed forms : that an entry was made, in a book, of the marriage at the time, and over which he the witness had no control : that the Rev. Mr. Maguire is now dead : that he read the marriage ceremony from a book which he believes was a prayer-book of the established church, and that the parties married kneeled down on the occasion : that the witness believes that Rev. Mr. Maguire, who performed the ceremony, was at the time a regular clergyman of the established church.

Was this a legal and valid marriage, according to the law of the place where it was performed ? The general principle is, that the *lex loci* is to be the governing rule in deciding on the validity or invalidity of all personal contracts. (Ulmender *v.* Ulmender, 2 *Clark & F.*, 529.) In this case, Lord Brougham says, the courts of the country where the question arises, resort to the law of the country where the contract was made, and

that a marriage, good by the laws of the country, is held good in all others where the question of its validity may arise. (*Shelford on Mar.*, 120, 121.)

A marriage in Ireland, by a clergyman of the established church, is good, though it takes place in a private room, either with or without any special license (Smith *v*. Maxwell, 1 *Carr. & P.*, 271; 1 *Ry. & M.*, 80; Wright *v*. Elwood, 1 *Curteis*, 49); and a marriage by a dissenting minister in Ireland is valid. (*Shelford on Mar.*, 77.)

On an indictment for bigamy, the first marriage being solemnized in Londonderry, it was contended that the marriage was illegal, having been clandestinely celebrated; but the recorder of London held the marriage valid, on the ground that as before the marriage act a· marriage might have been celebrated in England in a private house, and as it was only made necessary by the enactment of positive laws to celebrate it in a church, some law must be shown requiring the marriage in a church in Ireland, before the marriage could be held illegal. (1 *Russell on Crimes*, 2d ed., 205.)

And as marriages in Ireland may be had without any celebration *in facie ecclesiæ*, or in the presence of witnesses, such marriages may be proved by slenderer evidence than is requisite to the proof of a marriage in England. (*Sheppard on Mar.*, 78.) And in Ireland it is not requisite, when a marriage is celebrated by a priest, to prove that he is in orders; it is sufficient to show that he was a reputed clerk. (1 *Lees R.*, 29, cited. 2 *Hagg. Cons. R.*, 401.)

The defendant came to this country some two or three years after his marriage to Jane Alexander, and two letters of his are produced, in his handwriting, addressed to his "darling wife and child," and superscribed Mrs. Winslow.

·The first is under date of Dec. 30, 1845. In it he speaks of having received a letter from her, inclosing "our certificate of marriage." He also says, that he had received information "that the Rev. Mr. Maguire received proper authority for marrying, and consequently your marriage is legal." In a subsequent letter to his wife, under date of April 1, 1846, he says, "Mr. Pakenham sent me our certificate, and he said that, from what he had learned, she was his lawful wife."

It seems to me quite clear that the defendant was properly

married to Jane Alexander in Ireland, in 1841, or 1842; and that the evidence of such marriage is conclusive.

Jane Alexander—or Jane Winslow, as she became' on this. marriage—is still living, and was in court on the trial of the . cause, and identified by a witness who had known her from her childhood.

It follows, therefore, that at the time of the pretended marriage of the defendant with the plaintiff, he was a married man, and could not lawfully contract such marriage. There must be judgment for the plaintiff, declaring such marriage to be null and void, and that the plaintiff recover her costs, to be adjusted.